```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

HERBERT GRAY, :
: CIV. NO. 21-970 (RMB-KMW)
        Plaintiff :
:
  v. : **MEMORANDUM AND ORDER**
:
JOHN POWELL, ADMINISTRATOR :
SOUTH WOODS STATE PRISON :
*et al.*, :
:
        Defendants :

    This matter comes before the Court upon Plaintiff's letter request for leave to file an amended complaint and for appointment of pro bono counsel. (Letter Request, Dkt. No. 5.) Plaintiff, acting pro se, filed a prisoner civil rights complaint on January 21, 2021, which the Court dismissed without prejudice for failure to state a claim. (Compl., Dkt. No. 1.) The Court granted leave for Plaintiff to file an amended complaint within thirty days. (Order, Dkt. No. 4.) The 30-day period has not expired; nonetheless, the Court will grant Plaintiff an extension of time to file an amended complaint.

    Plaintiff seeks appointment of counsel because he is legally blind and has to rely on other inmates to complete his paperwork. He alleges that he fears staff in the medical department are trying to kill him, and he is in excruciating pain because they will not assist him. As with his initial complaint, Plaintiff has not

described his medical condition or the treatment that he was denied.

Prior to appointing pro bono counsel to a financially eligible person under 28 U.S.C. § 1915(e)(1), a court must determine whether the Plaintiff's claim(s) has arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). The Court dismissed Plaintiff's complaint because he failed to adequately describe the medical treatment that he was denied, who denied the treatment, when, and for what reason. Without more information, the Court cannot determine whether Plaintiff has a potentially meritorious Eighth Amendment claim for deliberate indifference to a serious medical need, which requires more than a showing of medical malpractice. See Estelle v. Gamble, 429 U.S. 97, 106-07 (1976) (describing elements of an Eighth Amendment claim based on inadequate medical care). If Plaintiff wishes to bring a claim for medical malpractice, rather than an Eighth Amendment claim under 42 U.S.C. § 1983, jurisdiction is appropriate in state court under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq.*

**IT IS** therefore on this **17th day of February 2021**,

**ORDERED** that the Clerk shall reopen this matter; and it is further

**ORDERED** that Plaintiff's request for appointment of counsel is **DENIED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(1); and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this action; administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …"); and it is further

**ORDERED** that if Plaintiff wishes to reopen this action, he shall so notify the Court in writing within 30 days of entry of this Order and submit either the $402 filing and administrative fee or a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915 to the Clerk of Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th and Cooper Sts., Camden, New Jersey, 08101; upon receipt of this writing from Plaintiff, the Court will direct the Clerk to reopen this matter; Plaintiff may file an amended complaint within 30 days of the date of entry of this Order; and it is further

3

**ORDERED** that the Clerk of the Court shall serve a copy of this Order, together with a blank form "Affidavit of Poverty and Account Certification (CIVIL RIGHTS)" and a blank Prisoner Civil Rights Complaint form upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
