IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| HERBERT GRAY, | : | |
| | : | Civ. No. 21-970 (RMB-SAK) |
| Plaintiff | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| UNIVERSITY CORRECTIONAL | : | |
| HEALTHCARE RUTGERS, et al., | : | |
| | : | |
| Defendants | : | |

**APPEARANCES:**

Arnold Carl Lakind, Esq.
Szaferman, Lakind, Blumstein, Blader & Lehmann, PC
Quakerbridge Executive Center
101 Grovers Mill Road
Suite 200
Lawrenceville, NJ 08648
On behalf of Plaintiff

Daniel Connor Maclane, Esq.
Margaret M. Raymond-Flood, Esq.
Nicholas Francis Pellitta, Esq.
Norris McLaughlin, P.A.
400 Crossing Boulevard, 8th Floor
PO Box 5933
Bridgewater, NJ 08807
On behalf of Defendant University Correctional Health Care

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

This matter comes before the Court upon Defendant University Correctional Health Care's ("UCHC") Motion to Dismiss the Amended Complaint Pursuant to

Fed. R. Civ. P. 12(b)(6) ("UCHC's Mot. to Dismiss; Dkt. No. 53); Plaintiff's brief in opposition to UCHC's Mot. to Dismiss (Pl's Opp. Brief, Dkt. No. 56); and UCHC's reply brief (UCHC's Reply Brief, Dkt. No. 62.)   UCHC moves to dismiss Counts III and IX of the Amended Complaint, filed on July 21, 2023.   (Am. Compl., Dkt. No. 50.)   Plaintiff does not contest UCHC's motion to dismiss Count IX, conspiracy to deprive Plaintiff of his civil rights.   (Pl's Opp. Brief, Dkt. No. 56 at 21.)   Therefore, the sole issue is whether Plaintiff states a claim for relief against UCHC in Count III of the Amended Complaint.   For the reasons discussed below, the Court will grant UCHC's motion to dismiss Count III of the Amended Complaint.

**I.   COUNT III OF THE AMENDED COMPLAINT**

Plaintiff makes the following allegations pertinent to his claims against UCHC in his Amended Complaint.   Plaintiff is a prisoner incarcerated in South Woods State Prison ("SWSP") in Bridgeton, New Jersey.   (Am. Compl. ¶ 8, Dkt. No. 50.) UCHC, an affiliate of Rutgers University and an instrumentality of the State of New Jersey, contracted to provide medical care to persons incarcerated in SWSP.   (*Id.*, ¶¶ 20, 22.)   Plaintiff is blind, wheelchair bound and suffers from diabetes, arthritis, asthma and hypertension.   (*Id.*, ¶¶ 3-8.)   Since February 7, 2021, UCHC staff and others refused to administer medication to Plaintiff, and denied Plaintiff the following:   a special mattress, pain medication, insulin, eye drops, and assistive devices for his cell to accommodate his blindness.   (*Id.*, ¶¶ 30-35, 51.)   UCHC has been aware of Plaintiff's medical conditions since May 15, 2021.   (*Id.*, ¶¶ 15-20.)

2

UCHC persistently refused or ignored Plaintiff's medical needs and disabilities, causing him to suffer unnecessary pain, mental stress and loss of function, in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article I of the New Jersey Constitution.  (Am. Compl., Dkt. No. 50 at 15-16.)

## II.   STANDARD OF LAW

### A.   Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may assert the defense of failure to state a claim for relief and bring a motion to dismiss the pleading.  To survive a motion to dismiss, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim for relief is deemed "plausible" where the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Twombly,* 550 U.S. at 556. When determining a Rule 12(b)(6) motion, a reviewing court must "accept as true" all well-pled factual allegations.  *Id.* at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002)).   Thus, to determine the sufficiency of a complaint under the Rule 12(b)(6) standard, courts must:   1) determine the elements necessary to state a claim; 2) identify conclusory allegations that are not entitled to the assumption of truth; 3) identify well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 129–30 (3d Cir. 2010) (internal quotation marks and quotations omitted).

**B.    42 U.S.C. § 1983 and New Jersey Civil Rights Act, N.J. Stat. 10:6-1** *et seq.*

To state a claim under § 1983 or the NJCRA, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (interpreting § 1983); *Gormley v. Wood-El*, 93 A.3d 344, 358 (N.J. 2014) (analogizing NJCRA to § 1983).   Plaintiff alleges UCHC is a state actor for purposes of § 1983 and NJCRA liability.   (Am. Compl. ¶¶ 20-24, Dkt. No. 50.)   A private medical contractor engaged in state action, like a local governmental entity under *Monell*, may not "be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability."   *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *Anthony v. Cnty. of Morris*, No. A-3641-21, 2023 WL 7014339, at *5 (N.J. Super. Ct. App. Div. Oct. 25, 2023) (applying *Monell* analysis to NJCRA).   Therefore, for a private medical contractor engaged in state action to be liable under § 1983, a plaintiff must plead "that there was a relevant policy or custom [by the private medical contractor], and that the policy caused the constitutional violation…."  *Id.* (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, (1997)).

The Third Circuit has identified "three situations where acts of [an] employee

4

may be deemed to be the result of a policy or custom of the [] entity for whom the employee works, thereby rendering the entity liable under § 1983." *Natale*, 318 F.3d at 584.

> The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." *Bryan County*, 520 U.S. at 417, 117 S.Ct. 1382 (Souter, J., dissenting). The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." *Id.* Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the [entity] 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.' " *Id.* at 417–18, 117 S.Ct. 1382 (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989)); *see also Berg* [v. County of Allegheny], 219 F.3d [261,] 276 [3d Cir. 2000] (holding that plaintiff must "demonstrat[e] that the [entity's] action was taken with 'deliberate indifference' to its known or obvious consequences").

*Id*. (footnote omitted) (alteration added).

The New Jersey Civil Rights Act ("NJCRA"), provides a similar cause of action to its federal counterpart under § 1983.  N.J. Stat. Ann. § 10:6-2(c).  NJCRA "is intended to provide what Section 1983 does not:  a remedy for the violation of substantive rights found in our State Constitution and laws."  *Tumpson v. Farina*, 218 N.J. 450, 474, 95 A.3d 210 (2014).  NJCRA applies to substantive rights guaranteed by the United States Constitution and the New Jersey Constitution.  *See*, *e.g.*, *Brown*

5

*v. State*, 230 N.J. 84, 94, 165 A.3d 735, 741 (2017). "Article I, Paragraph 12 of the New Jersey Constitution bars "cruel and unusual punishments." *State v. Pimentel*, 461 N.J. Super. 468, 481, 222 A.3d 345, 353 (App. Div. 2019) (quoting N.J. Const. art. I, ¶ 12.)) The interpretation of parallel provisions under § 1983 provide guidance when interpreting the NJCRA. *Tumpson*, 95 A.3d 210, 223–24 (N.J. 2014). "The legal principles governing the liability of a municipality under the [NJ]CRA and § 1983 are essentially the same." *Est. of Yearby v. Middlesex Cnty.*, No. A-1974-20, 2022 WL 1714534, at *14 (N.J. Super. Ct. App. Div. May 27, 2022), *cert. denied*, 252 N.J. 263, 284 A.3d 444 (2022) (quoting *Winberry Realty P'ship v. Borough of Rutherford*, 247 N.J. 165, 190, 253 A.3d 636 (2021)). The New Jersey courts have not established a different standard for consideration of a prisoner's claim of inadequate medical care under the New Jersey Constitution. *State v. Suarez*, No. A-4000-19T4, 2020 WL 5949815, at *5 (N.J. Super. Ct. App. Div. Oct. 8, 2020). This Court will, therefore, consider Plaintiff's NJCRA and Eighth Amendment claims together, guided by § 1983 jurisprudence.

    **C.**    **Eighth Amendment and NJCRA Inadequate Medical Care Claims**

"[P]rison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To plead an Eighth Amendment claim, a plaintiff must

6

allege:  (1) that defendants were deliberately indifferent to the prisoner's medical needs, and 2) the prisoner's medical needs were objectively serious.  *Id.* (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is a condition diagnosed by a physician as requiring treatment.  *Pearson*, 850 F.3d at 534 (citing *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003)).  Deliberate indifference is more than negligence, it requires a showing of "obduracy and wantonness."  *Id.* at 197 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Courts have found deliberate indifference where a defendant:  "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment"  *Id.* (citing *Durmer v. O'Carroll*, 991 F.2d at 68 (citing *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987)).

## III. ANALYSIS

UCHC seeks dismissal of Count III of the Amended Complaint, arguing that Plaintiff's allegations are no more than an attempt to impose vicarious liability on UCHC for the acts of its employees.  (UCHC's Mot. to Dismiss, Dkt. No. 53.)  In opposition to dismissal of Count Three, Plaintiff contends he alleged UCHC's direct involvement in violating the Eighth Amendment because:  1) he relied on UCHC to provide necessary medical treatment; 2) UCHC and its staff had a nondelegable duty to provide competent and adequate medical care; 3) the failure to provide such care

violated the United States Constitution and New Jersey Constitution; and 4) UCHC's knowledge of Plaintiff's chronic conditions and failure to properly treat those conditions constitutes deliberate indifference to his serious medical needs. Plaintiff asserts that dismissal is inappropriate because he alleged UCHC failed to act affirmatively to redress a constitutional wrong. Plaintiff further alleges there is vicarious liability under New Jersey law.

Pursuant to *Iqbal*, the Court begins by identifying the elements of the cause of action. "The legal principles governing the liability of a municipality under the [NJ]CRA and § 1983 are essentially the same." *Est. of Yearby v. Middlesex Cnty.*, No. A-1974-20, 2022 WL 1714534, at *14 (N.J. Super. Ct. App. Div. May 27, 2022), *cert. denied*, 252 N.J. 263, 284 A.3d 444 (2022) (quoting *Winberry Realty P'ship v. Borough of Rutherford*, 247 N.J. 165, 190, 253 A.3d 636 (2021)). Thus, the Court rejects Plaintiff's claim that New Jersey law permits vicarious liability of an employer for providing inadequate medical care under the NJCRA.[1] As discussed above, to bring a claim under § 1983 and the NJCRA, Plaintiff must allege that a state actor violated a right guaranteed by the Constitution. Plaintiff has sufficiently alleged that

---

[1] The cases cited by Plaintiff are distinguishable because they did not interpret the NJCRA. (Pl's Opp. Brief, Dkt. No. 56 at 19-21.) *See Lehmann v. Toy "R" Us, Inc.*, 626 A.2d 445, 464 (N.J. 1993) (agency law governs employer liability for compensatory damages from hostile work environment sexual harassment under the New Jersey Law Against Discrimination); *Aguas v. State*, 107 A.3d 1250, 1261 (N.J. 2015) (same); *Hardwicke v. American Boychoir School*, 902 A.2d 900, (N.J. 2006) (applying *Lehmann* vicarious liability rule to New Jersey's Child Sexual Abuse Act).

UCHC was engaged in state action by contracting to provide medical care to inmates incarcerated in SWSP.  Plaintiff brings his claim under the cruel and unusual punishments clause of the Eighth Amendment of the United States Constitution and Article I, paragraph 12 of the New Jersey Constitution.  Plaintiff alleged he suffers serious medical needs of blindness, diabetes, arthritis, asthma and hypertension.  Thus, to hold UCHC liable under § 1983 and the NJCRA, Plaintiff must allege a policy or custom of UCHC caused Plaintiff's constitutional violation.  *Natale*, 318 F.3d at 584.  Plaintiff has not identified a UCHC policy that caused its staff to ignore or refuse to treat Plaintiff's serious medical needs.  Furthermore, Plaintiff has not identified any policymaker within UCHC who had knowledge of its staff violating Plaintiff's constitutional right to adequate medical care.

A course of conduct that is not expressly authorized by law becomes a "custom" when the challenged "practices of [the state actor are] so permanent and well settled" as to virtually constitute law.  *Monell*, 436 U.S. at 690.  Plaintiff has alleged only "bare-bones" allegations that UCHC staff "persistently" ignored or refused his requests for medical treatment, and that UCHC had knowledge of Plaintiff's chronic medical conditions and need for treatment.  *See Thomas v. City of Philadelphia*, 779 F. App'x 99, 102 (3d Cir. 2019) (dismissing *Monell* claim where the plaintiff failed to sufficiently allege a custom of serving prisoners tainted food).  More is needed to establish a custom than an allegation of "persistently" ignoring or refusing a prisoner's request for medical care.  Further factual enhancement is also

required to support Plaintiff's bare allegation that UCHC had knowledge of, but refused to act on, its staff's failure to provide medical treatment for Plaintiff's serious medical needs. Therefore, Plaintiff fails to state a claim of deliberate indifference to his serious medical needs by UCHC.

## IV.   CONCLUSION

Plaintiff has failed to state a claim under § 1983 or NJCRA against UCHC in Count III of the Amended Complaint.   Plaintiff does not oppose dismissal of Count IX against UCHC.   Therefore, the Court will grant UCHC's motion to dismiss Counts III an IX of the Amended Complaint without prejudice.[2]

An appropriate Order follows.

**Date:   February 21, 2024**

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
Chief United States District Judge

---

[2] The period for discovery has not closed.   Therefore, dismissal of the claims is without prejudice.