[ECF No. 122]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HERBERT GRAY,<br><br>                Plaintiff,<br><br>     v.<br><br>UNIVERSITY CORRECTIONAL<br>HEALTHCARE RUTGERS,<br><br>                Defendant. | Civil No. 21-970 (RMB/SAK) |

## MEMORANDUM ORDER

This matter is before the Court on the "Motion to be Relieved as Counsel" [ECF No. 122] filed by Plaintiff's counsel, Joseph F. Cerra, IV, Esquire of Barry, Corrado, & Grassi, P.C.; and the Court having held a hearing on June 27, 2025; and the Court noting the following appearances: Joseph F. Cerra, IV, Esquire, counsel for Plaintiff; Richard Birch, Esquire, counsel for Defendant University Correctional Healthcare; and Evan Armstrong, Esquire, counsel for Defendant New Jersey Department of Corrections; and no objection having been made; and for the reasons to be discussed, counsel's motion is **GRANTED.**

I.     BACKGROUND

On January 15, 2025, Barry, Corrado, & Grassi, P.C. (the "Law Firm") was appointed as *pro bono* counsel for Plaintiff, a visually impaired inmate at South Woods State Prison ("South Woods"). *See* January 15, 2025 Order [ECF No. 109]. Oliver T. Barry, Esquire ("Barry") and Joseph F. Cerra, IV, Esquire ("Cerra"), both members of the Law Firm, entered their appearances

on behalf of Plaintiff on January 24, 2025 and January 29, 2025, respectively. *See* Notices of Appearance [ECF Nos. 110, 111].

On May 2, 2025, Cerra filed the present motion requesting that he, Barry and the Law Firm be relieved as counsel, citing an irretrievable breakdown of the attorney-client relationship. In his confidential communication to the Court[1], Cerra generally alleged that during in-person and telephone conferences with Plaintiff, Plaintiff was agitated, uncooperative and combative. *See* Certification in Support of Motion to be Relieved as Counsel at 5 (reviewed *in camera*).

The Court initially scheduled oral argument for May 30, 2025 *via* video conference. *See* Letter Order [ECF No. 123]. However, Cerra requested the hearing be adjourned due to South Woods' inability to accommodate the hearing. *See* May 23, 2025 Letter [ECF No. 125]. To accommodate South Woods, and thus Plaintiff's appearance at the hearing, the Court rescheduled and converted the hearing to a telephonic hearing on June 27, 2025. *See* May 27, 2025 Text Order [ECF No. 126]. On June 27, 2025, Cerra appeared for the scheduled hearing. *See* Minute Entry [ECF 128]. However, Plaintiff failed to appear. *Id.* Rebecca Paconi, South Woods' Virtual Telephone Conference Coordinator, joined the hearing and explained that Plaintiff had refused to leave his cell to report to the visitor hall, where the telephone for the hearing is located. *Id.* The hearing proceeded in Plaintiff's absence. *Id.*

At the hearing, Cerra represented that he had presented a copy of his motion to Plaintiff and explained the nature of the hearing and the necessity for Plaintiff's attendance. *Id.* Cerra described the difficulties he had with Plaintiff, essentially describing Plaintiff's conduct toward counsel as combative, uncooperative and disrespectful. *Id.* Ultimately, Cerra asserted, this conduct

---

[1] On May 25, 2025, Cerra submitted for *in-camera* consideration, a certification containing privileged attorney-client communications.

2

led to the fundamental breakdown in the attorney-client relationship. *Id.* Cerra also asserted that the representation of Plaintiff resulted in an unreasonable financial burden to his firm. *Id.*

## II.   DISCUSSION

Pursuant to Local Civil Rule 102.1, unless other counsel is substituted, withdrawal of counsel requires leave of court. The decision of whether or not to permit withdrawal is within the discretion of the Court. *See Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). In deciding whether to permit an attorney to withdraw, the Court should consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* In addition, pursuant to New Jersey Rule of Professional Conduct ("NJRPC") 1.16(b)(4), a lawyer may withdraw if he has a fundamental disagreement with his client. NJRPC 1.16(b)(6) also permits a lawyer's withdrawal if the representation will result in an unreasonable financial burden on the lawyer.

Here, the Court finds that there has been an irretrievable breakdown in the attorney-client relationship. Cerra described Plaintiff's behavior as agitated, combative, uncooperative and disrespectful. Plaintiff's refusal to attend the hearing after having been advised of the hearing and the necessity of his attendance, supports Cerra's assertions and the Court's finding of an irretrievable breakdown in the attorney-client relationship. The Court also accepts Cerra's assertion that continued representation of Plaintiff poses a financial burden on the Law Firm. The Court notes that counsel visited Plaintiff in jail and engaged in telephone conferences with Plaintiff—all to no avail in advancing the purpose of the *pro bono* appointment.

The Court further finds that while granting counsel's motion may prejudice Plaintiff or other parties, and may create delays, such prejudice or delay may be alleviated by providing

Plaintiff with yet another—and final—opportunity, for appointed counsel. Accordingly, the balancing of the factors outlined in *Rusinow,* weigh in favor of granting Cerra's motion. The Court finds good cause to relieve Cerra, Barry and the Law Firm.

Pursuant to NJRPC 1.16(b)(4) and (6), Cerra, Barry and the Law Firm may withdraw their representation of Plaintiff. Upon a satisfactory explanation from Plaintiff regarding his failure to appear at the June 27, 2025 hearing, and upon Plaintiff's written commitment to cooperate with, respect and extend courtesy to appointed counsel, the Court will seek to appoint new *pro bono* counsel. The Court reminds Plaintiff that civil litigants possess neither a statutory nor constitutional right to appointed counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Plaintiff is also reminded that there is no guarantee that an attorney will be willing or able to accept his case. Plaintiff is cautioned that any further conduct similar to that described by Cerra and observed by the Court, will likely result in granting a request to withdraw, if made, by new counsel.

### III.   CONCLUSION

Accordingly, for all the forgoing reasons,

**IT IS HEREBY ORDERED** this **5th** day of **August**, **2025**, that Joseph F. Cerra, IV, Esquire's "Motion to be Relieved as Counsel" [ECF No. 122] is **GRANTED**; and it is further

**ORDERED** that Oliver T. Barry, Esquire, Joseph F. Cerra, IV, Esquire and the law firm of Barry, Corrado, & Grassi, P.C., shall be withdrawn as counsel for Plaintiff and this shall be noted on the Court's docket; and it is further

**ORDERED** that Plaintiff Herbert Gray shall file a letter on the docket by **August 15, 2025** explaining his refusal to attend the June 27, 2025 hearing and indicating whether he agrees to be

4

cooperative, respectful and courteous to any subsequently appointed *pro bono* counsel and their staff[2]; and it is further

**ORDERED** that Plaintiff's failure to comply with this Order may result in the denial of any future application for *pro bono* counsel; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff *via* regular mail and shall enter a notation on the docket indicating the date upon which this Order was forwarded to Plaintiff *via* regular mail.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc: Hon. Renée Marie Bumb, Chief Judge

---

[2] Upon the Court's receipt of a satisfactory explanation and commitment from Plaintiff, the Court will seek the appointment of new counsel. Once new counsel enters an appearance, the Court will set a briefing schedule for all pending motions.

5